UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YOHANDRY JOSE GOMEZ SANCHEZ,

Petitioner,

v.

BRUCE SCOTT et al.,

Respondent.

CASE NO. 2:26-cv-04121-BAT

**ORDER GRANTING PETITION AND DIRECTING RELEASE**

Petitioner requests the Court order Respondents to (1) immediately release him from detention, (2) not redetain him without notice and a hearing, and (3) to award EAJA attorney fees and costs. The Court **GRANTS** the petition as follows.

1. In January, 2023, Petitioner and his wife, citizens of Honduras, appeared at the Texas border for a CBP One appointment. Respondents permitted Petitioner and his family entry, and his immigration proceedings were transferred to Portland, Oregon. Respondents claim Petitioner was paroled into the United States under INA § 212(d)(5)(A), 8 U.S.C. § 1182(d)(5)(A) and his parole expired on January 1, 2024. In November, 2024, an immigration judge (IJ) granted the parties' request to dismiss removal proceedings; the IJ did not order Petitioner removed and Respondents did not direct Petitioner to report or surrender for removal. On October 26, 2026, while Petitioner was working, Respondents arrested him without notice,

any explanation or any hearing to determine grounds for detention or release.

2. Respondents argue Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) because he was stopped at the border, subject to expedited removal and released under temporary parole. The Court rejects the argument. First, Respondents provide no documentation that Petitioner was released on parole. Rather, Respondent submitted written documentation that Petitioner was released under an OREC, an order of personal recognizance. To determine which immigration detention statute applies to noncitizens apprehended on arrival to the country, released, and later apprehended again, Respondents' treatment of the noncitizen seeking habeas relief is "particularly relevant" and where a petitioner has been "'treated by Respondents as subject to detention under § 1226, rather than mandatory detention under § 1225,' the former is more likely to apply." *Del Valle Castillo v. Wamsley*, 25-cv-02054-TMC, 2025 WL 3524932 at *5 (W.D. Wash. Nov. 26, 2025) (quoting *Romero v. Hyde*, No. CV 25-11631-BEM, 2025 WL 2403827, at *8 (D. Mass. Aug. 19, 2025).

3. The Court finds the circumstances of Petitioner's release establishes he is subject to § 1226, and not subject to mandatory detention under § 1225(b). Petitioner's release on an OREC reflect the Government treated Petitioner as subject to 8 U.S.C. § 1226(a) and he is accordingly subject to § 1226 when he was re-detained. Release under an OREC is authorized under § 1226(a)(2)(B) and use of a warrant issued under § 1226(a) is further evidence of detention under § 1226(a). *See Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115-16 (9th Cir. 2007) (holding noncitizens released on an OREC was detained and released under § 1226); *Martinez v. Hyde*, 792 F. Supp. 3d 211, 215 (D. Mass. 2025) ("Release on recognizance is not 'humanitarian' or 'public benefit' 'parole into the United States' under section 1182(d)(5)(A) but rather a form of 'conditional parole' from detention upon a charge of removability, authorized

under section 1226."); *J.U. v. Maldonado*, 805 F. Supp. 3d 482, 493 (E.D.N.Y. 2025) ("[T]he use of a warrant in March 2024 to arrest and detain Petitioner is further evidence that Petitioner could only be detained pursuant to § 1226(a)."); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 485 (S.D.N.Y. Aug. 13, 2025) ("Respondents' own exhibits unequivocally establish that [the petitioner] was detained pursuant to Respondents' discretionary authority under § 1226(a). The warrants for [the petitioner's] respective arrests in 2023 and 2025 explicitly authorized those arrests pursuant to 'section 236 of the Immigration and Nationality Act'—i.e., § 1226."). Because the Government has treated Petitioner as subject to § 1226(a), it cannot now claim Petitioner as mandatorily detained based on the expedited removal proceedings and release on parole. *See Quinteros Moran v. Joyce*, No. 25 CIV. 9645 (GBD), 2025 WL 3632895, at *3 (S.D.N.Y. Dec. 15, 2025) (Finding petitioner detained under § 1226(a) where expedited removal proceedings were initially commenced but petitioner was subsequently released and "after years of the Government neglect[ing] any authority it may have possessed under § 1225(b) and consistently appl[ying] § 1226(a) …it cannot now turn back the clock, and neither can the Court.") (internal quotation and citation omitted).

4. Additionally, Petitioner has now been in the country for nearly four years which supports a finding he is subject to § 1226. *See* 8 U.S.C. § 1225(b)(1)(iii)(II) ("An alien described in this clause is an alien … who has not been admitted or paroled into the United States, and who has not affirmatively shown, to the satisfaction of an immigration officer, that the alien has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility under this subparagraph.").

5. Accordingly, the Court finds that when Petitioner was redetained, he was subject to 8 U.S.C. § 1226(a) and due process required notice of redetention and a hearing before

redetention to challenge detention. The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

6. The Court finds each of the factors set forth in *Mathews* favors Petitioner. First, Petitioner has lived in the community for years and has a significant liberty interest of freedom from detention. Second, the risk of erroneous deprivation is high as Petitioner lives with his spouse, was gainfully employed and there is no evidence of criminal conduct. And third the Government's interest in detention is low, given Petitioner's stability in the community, and lack of criminal conduct. The Court accordingly finds Petitioner should be immediately released.

## CONCLUSION

A. The petition for writ of habeas corpus is **GRANTED**. Dkt. 1.

B. Respondents shall **RELEASE** Petitioner within **24 HOURS** of entry of this order on an Order of Recognizance (OREC). Respondents shall return to Petitioner any personal property upon release, including personal identification documents and employment authorization documents; and file a status report certifying they have been released within **48 HOURS** of entry of this order.

C. Respondents are **PROHIBITED** from redetaining Petitioner without adequate notice of intent to redetain him and the grounds for redetention, as well as a predeprivation hearing before a neutral decisionmaker at which the government bears the burden of proving by clear and convincing evidence that each Petitioner is a flight risk or danger to the community. This prohibition does not apply to mandatory detention under 8 U.S.C. § 1226(c).

D. Petitioner may file a motion for an award of fees and expenses under the Equal Access to Justice Act within the time required by statute. If payment to counsel is requested, the motion shall show Petitioner has assigned the award to counsel.

DATED this 13th day of November, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge